# EXHIBIT C

Bankruptcy Law Center, APC
1230 Columbia St
Ste 1100
San Diego CA  92101
United States
Phone: 619-894-8831





Ryan and Lilia Branco
1372 Niccollette Ave., # 1631
Chula Vista CA  91913

| Invoice #: | Branco |
|---|---|
| Date: | March 30, 2015 |
| Amount Due USD: | $16,435.62 |

| Task | Time Entry Notes | Rate ($) | Hours | Line Total ($) |
|---|---|---|---|---|
| Workup (Attorney) | 2/26/2015 - Attorney Ahren Tiller<br>Reviewed Proof of Claim 5-1's attached judgment documents, pulled State Court ROA from State Court Website, reviewed dates. Reviewed Hillsborough at Otay Ranch Community Association's Motion to Dismiss and reviewed that they reference 2008 filing and acknowledge notice. Reviewed breakdown of fees incurred by HOA. Pulled documents from ROA including complaint, judgment. Saved documents as PDF's to be used as exhibits. | 425.00 | 0.6 | 255.00 |
| Workup (Attorney) | 2/26/2015 - Attorney Ahren Tiller - Reviewed CC&R's and documents attached to Proof of Claim # 5-1 and prepared questions for client to ask via telephone about prior bankruptcy filing in 2008. | 425.00 | 0.3 | 127.50 |
| Phone Call | 2/26/2015 - Attorney Ahren Tiller - Telephone Call with client regarding facts of prior 2008 bankruptcy case. Asked questions about filing, etc. | 425.00 | 0.2 | 85.00 |
| Workup (Attorney) | 2/27/2015 - Attorney Ahren Tiller<br>Reviewed prior 2008 Bankruptcy petition dates and reviewed dates of 2008 State Court case and compared the two case's filing dates together. | 425.00 | 0.5 | 212.50 |
| Meetings | 3/2/2015 - Attorney Ahren Tiller met with Brett Bodie and strategized Stay violation and unlawful Proof of Claim. Reviewed documents, and agreed that in order to address the Motion to Dismiss the client needs to have both Motions filed prior to Motion to Dismiss hearing, therefore attorneys divided up motions. Brett would draft Objection to POC and Ahren would draft Sanction Motion. Discussed issues and law to support both motions. Discussed facts, and discussed any issues or defenses under CCP. | 425.00 | 0.8 | 340.00 |
| Meetings | 3/2/2015 - Attorney Brett Bodie met with Ahren Tiller and strategized Stay violation and unlawful Proof of Claim. Reviewed documents, and agreed that in order to address the Motion to Dismiss the client needs to have both Motions filed prior to Motion to Dismiss hearing, therefore attorneys divided up motions. Brett would draft Objection to POC and Ahren would draft Sanction Motion. Discussed issues and law to support both motions. Discussed facts, and discussed any issues or defenses under CCP. | 325.00 | 0.8 | 260.00 |

| | | | | |
|---|---|---|---|---|
| Phone Call | 3/2/2015 - Attorney Ahren Tiller - Long telephone call with Client to discuss 2008 Bankruptcy filing, HOA collections, information to draft declaration, summary of facts, etc. Went through history of case, and went through old e-mails, discussed why he filed bk in 2008, discussed small claims case, discussed when he hired PLC, what occurred, judgment, if he went to court, etc. | 425.00 | 0.8 | 340.00 |
| E-Mail | 3/2/15 - Attorney Ahren Tiller - Sent detailed e-mail to clients with further follow up questions to piece together what had occurred on their case and review docket, bk dates, and facts of notice to HOA. Requested collection letter, e-mails, etc. | 425.00 | 0.3 | 127.50 |
| E-Mail | 3/2/15 - Attorney Ahren Tiller - Reviewed e-mail from client. Reviewed multiple old e-mails forwarded from client sent by HOA giving me contact information for HOA rep. | 425.00 | 0.3 | 127.50 |
| E-Mail | 3/2/15 - Attorney Ahren Tiller - Sent e-mail to clients regarding follow up questions regarding HOA contact, etc. | 425.00 | 0.2 | 85.00 |
| Law & Motion | 3/3/2015 - Attorney Ahren Tiller - Pulled 2008 bankruptcy documents from docket, saved petition and docket report and ecf filing as pdf. Began drafting sanction Motion. Worked on Statement of Facts, and laid out what occurred on case. Referenced dates on 2008 Bankruptcy docket, State Court register of actions, and 2013 BK docket to explain what occurred on this case as well as explain what occurred with former attorney PLC. | 425.00 | 2.1 | 892.50 |
| Phone Call | 3/3/2015 - Attorney Ahren Tiller - Telephoned Opposing Counsel regarding stay violation. Discussed Case. Explained that we started working on a stay violation and would file it if he didn't stop trying to kill this case. Opposing counsel acknowledged being aware of the 2008 bankruptcy filing and pointed out that they were never listed on the petition (clearly he had reviewed it before). He rgued that since they were not listed there was no stay violation and how could he be sanctioned if they never got notice. Attorney Ahren Tiller explained to Opposing Counsel why he was wrong and that all that is needed to file a sanction motion is an act in violation of the stay and "actual notice." Counsel disagreed and refused to take actions to rectify stay violation. He further argued there were no damages, to which Tiller explained that clearly a judgment entered against an individual wrongfully was damages and that if they are forced to file the sanction motion, those attorney's fees which will be awarded pursuant to 362(k) are actual damages too. Opposing counsel would not budge from his position. | 425.00 | 0.5 | 212.50 |
| Law & Motion | 3/3/2015 - Attorney Ahren Tiller - Worked on completing statement of facts section for sanction Motion. Referenced exhibits pulled from PACER and State Court Register of Actions to ensure all dates were accurate. | 425.00 | 1.1 | 467.50 |
| Phone Call | 3/3/2015 - Attorney Ahren Tiller - Phone Call with client to discuss stay/discharge sanction motion. | 425.00 | 0.3 | 127.50 |
| E-Mail | 3/3/2015 - Attorney Ahren Tiller - E-mail to client to discuss sanction motion and answer questions. | 425.00 | 0.2 | 85.00 |
| Research | 3/4/2015 - Attorney Brett Bodie - Conducted Research on Objection to Proof of Claim, regarding void judgments and recording of liens and basis to object to unlawfully secured POC # 5. | 325.00 | 0.8 | 260.00 |
| Law & Motion | 3/4/2015 - Attorney Brett Bodie - Began drafting Objection to Claim # 5 Points and Authorities in support, based on fact that the | 325.00 | 1.8 | 585.00 |

| | | | | |
|---|---|---:|---:|---:|
| | lien securing the cliam is a discharged and secured to a lien that is void by operation of law under 11 usc 362. | | | |
| Phone Call | 3/4/2015 - Attorney Ahren Tiller - Telephone Call with client regarding sanction motion facts and items to put into declaration, reviewed facts to ensure their accuracy so that he was comfortable signing under penalty of perjury. | 425.00 | 0.8 | 340.00 |
| Law & Motion | 3/4/2015 - Attorney Brett Bodie - Drafted form CSD 2015 Objection to Proof of Claim and sent to clients to sign. | 325.00 | 0.4 | 130.00 |
| Law & Motion | 3/4/2015 - Attorney Brett Bodie - Finished drafting P and A's in support of objection and finalized with attached exhibits Points and Authorities, Declaration of Debtors, and CSD 2015 to be filed. | 325.00 | 2.3 | 747.50 |
| Law & Motion | 3/4/2015 - Attorney Ahren Tiller - Drafted Declaration of Debtor, Ryan Branco and then sent declaration of facts for Debtor to review and sign. | 425.00 | 1.7 | 722.50 |
| Phone Call | 3/4/2015 - Attorney Ahren Tiller - Phone Call with client to discuss declaration and finalize. Also answered questions about how sanction motion process works, etc. | 425.00 | 0.3 | 127.50 |
| Research | 3/4/2015 - Attorney Ahren Tiller - Researched and reviewed cases regarding sanction motion with regards to stay and service and "actual notice" Beezley, as well as agent service, etc. | 425.00 | 1.2 | 510.00 |
| Law & Motion | 3/4/2015 - Attorney Ahren Tiller - Worked up argument section for sanctions motion with attached exhibits | 425.00 | 1.8 | 765.00 |
| Law & Motion | 3/5/2015 - Attorney Ahren Tiller - Finalized drafting the Points and Authorities of Sanction Motion with Declaration of Debtors to be filed. Reviewed Prior Bankruptcy Petition again, docket, Proof of Claim, website of HOA to ensure proper identies, Secretary of State Website for Agent of Service, etc. to ensure statement of facts were accurate. Proof read all documents to ensure were accurate and ready for filing. | 425.00 | 1.6 | 680.00 |
| Workup (Attorney) | 3/5/2015 - Attorney Ahren Tiller - Prepared and filed Statement of Compensation statement regarding the Sanction Motion. (Docket # 63). | 425.00 | 0.1 | 42.50 |
| Phone Call | 3/5/2015 - Attorney Ahren Tiller - Phone Call to Trustee David Skelton's Office. Initially spoke with Rebecca Pennington, then she put Tiller on hold and David Skelton and Ms. Pennington placed call on Speaker phone. Attorney Ahren Tiller explained entire sanction motion, facts, history, and explained that firm had just filed an amendment to Schedule B, and updated compensation statement pursusant to 329, therefore since this was a 13, even though property vests with debtor upon confirmation, Tiller still wanted to get Trustee's approval of prosecuting this motion, and request whether Debtor's Counsel would need to be employed. Trustee, David Skelton informed Tiller that since he was the Debtor's counsel and it was post-confirmation it was appropriate for us to prosecute the motion and our office had their approval, and he did not need to "be employed" pursuant to 2016, as the property had "vested" to the Debtor, and this was a 13 not a 7. | 425.00 | 0.4 | 170.00 |
| Workup (Attorney) | 3/5/2015 - Attorney Derek Soinski - Reviewed for Typographical errors for motion to sanctions and made minor changes. | 225.00 | 1.2 | 270.00 |
| Workup (Attorney) | 3/5/2015 - Attorney Ahren Tiller - Reviewed and finalized both Motion for Sanctions and Objection to Proof of Claim with attached exhibits and prepared and gave to paralegal to be filed. | 425.00 | 0.6 | 255.00 |

| | | | | |
|---|---|---|---|---|
| Workup (Attorney) | 3/5/2015 - Attorney Ahren Tiller - Directeed Paralegal to file Motion for Sanction with all of the PDF'd exhibits and directed paralegal to mail notice to parties. | 425.00 | 0.1 | 42.50 |
| Mail & Copying | Mailing and Copying Costs | 2.50 | 1 | 2.50 |
| Workup (Attorney) | 3/5/2015 - Attorney Ahren Tiller - Directed Assistance to e-mail courtesy notice directly to opposing Counsel Christopher Haynes. Gave her all of the PDF's to give him courtesy notice, even though not required under FRBP, and reviewed e-mail before she sent.<br><br>Mr. Haynes,<br><br>Mr. Tiller directed me to provide you with a courtesy e-mail copy of the attached sanction motion that we recently filed against your client, Hillsborough at Otay Ranch Community Association in the above referenced 2008 Bankruptcy case.<br><br>Please see the attached Notice of Hearing; Motion for Sanctions; Declaration of Debtor in Support of said Motion; Declaration of Attorney Ahren Tiller in Support; and attached Exhibits A - I.<br><br>Sincerely,<br><br>Nicole Dominguez<br>Legal Secretary | 425.00 | 0.1 | 42.50 |
| Letters & Emails | 3/5/2015 - Attorney Ahren Tiller - Reviewed E-mail from Opposing Counsel, Stephen Haynes re: Sanction Motion:<br><br>Stephen K. Haynes <haynes-esq@att.net><br>Mar 5<br><br>to lfieselman, me, admin, dskelton13<br>Dear Mr. Fieselman:<br><br>I am e-mailing you in connection with your former clients Ryan and Lilia Branco. On April 15, 2008 you filed a voluntary Chapter 7 petition for them in the US Bankruptcy Court for the Southern District of California as Case No. 08-07204-PB7. I represent Hillsborough at Otay Ranch Community Association (the "Association"), one of the HOA's for the condominium in which the Brancos resided both then and now.<br><br>At the time of the 2008 bankruptcy filing, the Association had a small claims case pending against Mr. Branco. It was, in fact, set for trial on the afternoon of April 15, 2008. In pleadings filed with the bankruptcy court today (March 5), Mr. Branco contends that stopping the Association lawsuit was a principle aim of his bankruptcy filing, that he told you this, and that you assured him that it would be included in the bankruptcy. Curiously, the statement of financial affairs listed the small claims suit, but the Association was not listed as a creditor in the original schedules or by any amendment.<br><br>It would appear that this voluntary assertion by Mr. Branco concerning what he told his bankruptcy attorney will have waived the attorney-client privilege. | 425.00 | 0.2 | 85.00 |

|  |  |  |  |  |
|---|---|---|---|---|
| | The Association contends that because it did not know of the bankruptcy, it went forward with the small claims trial and obtained a judgment. About two months thereafter, it recorded an abstract of judgment. Timely notice to the Association of the bankruptcy filing on April 15 might not have stopped entry of judgment, but it almost certainly would have prevented recording of an abstract of judgment. The Brancos claim that recording the abstract damaged their credit. The Brancos now seek substantial damages from the Association for violation of the automatic stay.<br><br>There are a wide range of possible interpretations of events, including but not limited to:<br><br>- The Brancos' assertions are completely accurate and you failed to carry out their intentions by including the Association in the list of creditors. This is arguably professional malpractice, in which case you should notify your malpractice carrier immediately. The claim would be property of the Brancos' current Chapter 13 bankruptcy estate.<br><br>- You advised the Brancos of the necessity of listing all of their creditors (even disputed ones) but the Brancos refused to do so. You filed the petition anyway. You may or may not have documented these events in your file. It is difficult to see how this course of conduct could be proper in light of the attorney due diligence declaration you signed in connection with electronic filing.<br><br>- The Brancos' assertions are inaccurate in whole or in part.<br><br>However one interprets events, it is clear that your file (including electronic information) is relevant to the dispute. Please consider this a demand that you preserve the entire file, including electronic information, pending resolution of the dispute between the Brancos and the Association. If you do not have the entire file yourself, please consider this a demand that you immediately contact the current custodian(s) of the file and inform them of the need to preserve the entire file.<br><br>You should expect formal discovery requests will follow. If there is an evidentiary hearing, it is likely that you will need to appear and testify.<br><br>If you would prefer me to contact your professional liability counsel -- which might well be a reasonable approach under the circumstances -- please provide contact information.<br><br>I have cc'd Chapter 13 Trustee David Skelton with this e-mail, as any professional malpractice claim against you might belong to the Brancos' current bankruptcy estate. I have also cc'd the Brancos current bankruptcy counsel.<br><br>Stephen K. Haynes, Attorney at Law<br>P.O. Box 84526<br>San Diego, CA 92138-4526<br>(619) 523-4204 | | | |
| Letters & Emails | 3/6/2015 - Attorney Ahren Tiller - Reviewed E-mail from Opposing Counsel, Stephen Haynes re: Sanction Motion: | 425.00 | 0.2 | 85.00 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Stephen K. Haynes <haynes-esq@att.net><br>AttachmentsMar 6<br><br>to me, dskelton13<br>Counsel:<br><br>The San Diego County Superior Court has a form (SDSC SC-040) for small claims litigants to stipulate to vacate a judgment. I have adapted the language of that form to fit the circumstances here. A copy is attached.<br><br>Because this is a small claims case, there is some question whether attorneys could sign the stipulation. Rather than submit the form to the court and have it bounced back, possibly weeks later, the proposed stipulation calls for signature by the parties themselves. Please have Mr. Branco sign and date the stipulation, then return the signed original to me for signature by the Association. We will then submit it to the court.<br><br>Please note that the stipulation authorizes the recording of a copy of the order. It is my understanding that without express authorization, there may be difficulty in recording a document in the real property records. In such case, the recorded abstract would refer to a vacated judgment, but the fact that the judgment had been vacated would not be apparent from the real property records.<br><br>Stephen K. Haynes, Attorney at Law<br>P.O. Box 84526<br>San Diego, CA 92138-4526<br>(619) 523-4204 |  |  |  |
| E-Mail | 3/6/2015 - Attorney Ahren Tiller - Sent e-mail with Stipulation to Vacate Judgment to Client to sign. | 425.00 | 0.1 | 42.50 |
| E-Mail | 3/6/2015 - Attorney Ahren Tiller - Telephone to client to explain what he is signing and explain that this is the way for the judgment to be finally removed from his credit and to fix the issue. Client agreed to sign stipulation to vacate judgment. | 425.00 | 0.2 | 85.00 |
| Meetings | 3/9/2015 - Attorney Ahren Tiller - Brief conversation with David Skelton at 525 B. St. He informed me he did not recieve the e-mail sent by opposing counsel regarding the stay violation and requested I forward him a copy of the e-mail sent on 3/6/15 as he did not recieve it as well as a courtesy copy of the sanction motion. | 425.00 | 0.1 | 42.50 |
| E-Mail | 3/9/2015 - Attorney Ahren Tiller - forwarded the e-mail sent by opposing counsel to Trustee, and attached a courtesy copy of the sanction motion.<br><br>Mr. Skelton,<br><br>As discussed at this morning's 341a meetings, please see the e-mail Mr. Haynes (HOA Creditor Attorney we spoke about on Thursday).<br><br>He cc'd your old e-mail address, therefore I am forwarding you the e-mail. | 425.00 | 0.2 | 85.00 |

| | | | | |
|---|---|---:|---:|---:|
| | P.S. I also attached a courtesy copy of the sanction motion we discussed that I would be filing, which was filed in the Debtor's 2008 bankruptcy case (I did mail your office a copy). | | | |
| | Ahren A. Tiller, Esq.<br>Supervising Attorney<br>Consumer Bankruptcy Law Specialist<br>American Board of Certification<br>Real Estate Broker - CA BRE # 01920711 | | | |
| | BLC Law Center, APC<br>1230 Columbia St. Suite 1100<br>San Diego, CA 92101<br>Ph: 619-894-8831<br>Fax: 866-444-7026<br>www.blc-sd.com | | | |
| E-Mail | 3/11/2015 - Attorney Ahren Tiller - Recieved signed Stipulation to vacate judgment via e-mail. Scanned in digital file and directed Attorney Brett Bodie to send to opposing counsel. | 425.00 | 0.1 | 42.50 |
| E-Mail | 3/11/2015 - Attorney Brett Bodie - E-mail to Opposing Counsel signed Stipulation to Vacate Judgment, which was signed by Debtor.<br><br>On 3/11/2015 10:37 AM, Brett Bodie wrote:<br>Mr. Haynes,<br><br>Please find attached the signed stipulation to vacate judgment.<br><br>Sincerely,<br><br>Brett Bodie<br>Attorney at Law<br>Real Estate Broker CA BRE #01920710<br>Bankruptcy Law Center APC<br>Ph: 800-492-4033<br>Web: www.blc-sd.com | 325.00 | 0.1 | 32.50 |
| E-Mail | 3/11/2015 = Attorney Brett Bodie - Reviewed E-mail from Opposing Counsel.<br><br>On Wed, Mar 11, 2015 at 1:43 PM, Stephen K. Haynes <haynes-esq@att.net> wrote:<br>This will be a paper filing with the small claims court. Please mail the signed original to me so that I can get the Association's signature.<br><br>Stephen K. Haynes, Attorney at Law<br>P.O. Box 84526<br>San Diego, CA 92138-4526<br>(619) 523-4204 | 325.00 | 0.1 | 32.50 |
| E-Mail | 3/12/2015 - Attorney Brett Bodie - E-mailed Client to inform him we needed a "wet" signature on the Stipulation to Vacate Judgment, therefore he would need to print out and sign the stipulation he e-mailed in and send back. | 325.00 | 0.1 | 32.50 |
| Workup (Attorney) | 3/17/2015 - Attorney Brett Bodie - Was informed that Stipulation signed by client came in the mail. Directed legal assistant to put the original in the mail. Gave her Opposing Counsel's address. | 325.00 | 0.1 | 32.50 |

| | | | | |
|---|---|---|---|---|
| E-Mail | 3/17/2015 - Attorney Brett Bodie - E-mail response to Opposing Counsel: | 325.00 | 0.1 | 32.50 |

From: Brett Bodie <brett.bodie@blc-sd.com>
Date: Tuesday, March 17, 2015
Subject: re: Branco
To: haynes-esq@att.net

Mr. Haynes,

The original went out in the mail to your PO Box today, it should arrive shortly. Please let me know if you do not receive it in the next 2-3 days.

Sincerely,

Brett Bodie
Attorney at Law
Real Estate Broker CA BRE #01920710
Bankruptcy Law Center APC
Ph: 800-492-4033
Web: www.blc-sd.com

| | | | | |
|---|---|---|---|---|
| E-Mail | 3/17/2015 - Attorney Ahren Tiller - Reviewed E-mail from Opposing Counsel. | 425.00 | 0.2 | 85.00 |

---------- Forwarded message ----------
From: Stephen K. Haynes <haynes-esq@att.net>
Date: Tuesday, March 17, 2015
Subject: Branco - 13-07204 and 08-03018 - possible continuance of contempt hearing
To: ahren.tiller@blc-sd.com

Counsel:

The Association's response to the contempt motion is due on Monday, March 23, 2015. I would like to push this deadline off. Let me explain why.

On March 5, 2015, the Association amended its proof of claim (POC 5) to reflect that it was secured by a recorded Notice of Delinquent Assessment rather than by the post-Chapter 7 petition abstract of judgment. I understand that the stipulation to vacate the small claims judgment has been signed by Ryan Branco and was mailed to me today. Once I get the original stipulation, I can get a signature from the Association, then file it with the small claims court. To the extent that the automatic stay or bankruptcy discharge were violated, those violations are in the process of being cured. Aggressive litigation of the contempt motion will not make the cure process go any faster.

The Association does not understand the contempt motion to assert that the Brancos are currently suffering any actual, identifiable damages. The debt represented by POC 5 is still secured, although under a different legal theory than was set forth in the original proof of claim. The Association would have received

and would still be receiving the same payments from Trustee Skelton had POC 5 been originally filed without reference to the small claims judgment. There is no need for immediate action by the bankruptcy court.

The Association is not necessarily opposed to a Chapter 13 plan that (i) pays POC 5 and POC 6 in full and (ii) is feasible in light of the debtors' finances. The point the Association had been trying to make was that the available financial information indicated a lack of feasibility. Trustee Skelton's plan objection indicates that the Association is not the only one who has concerns about feasibility. The Association would prefer that the bankruptcy end now if there is no credible basis to believe that the debtors can make increased plan payments for the next 40 months. On the other hand, the Association might make the economic decision to wait and see if the debtors can actually perform under an amended plan if credible current information suggests it might be financially feasible.

Under these circumstances, it would seem reasonable to postpone the contempt hearing so that the Association might avoid incurring attorneys fees for an opposition and the debtors might avoid incurring attorneys fees for a reply.

Judge Taylor has taken over 08-03018 from Judge Bowie. The hearing on the contempt motion has been rescheduled for April 21 at 10:00 a.m., the same time as the hearing on the amended plan. The Association's deadline to object to the amended plan is Monday, April 6. At minimum, the Association's deadline to file opposition re contempt could be shifted from March 23 to April 6, without shortening time for the debtors' reply and without adversely affecting the Court's time for reviewing the pleadings. Even better would be to defer any hearing re contempt until well after the confirmation hearing. The hearing on the amended plan is set for April 21. If the Association were to have two weeks after that hearing to prepare and file a response to the contempt motion, the opposition would be due on May 5. Accordingly, I would like to continue the hearing on the contempt motion to Thursday, May 21 at 10:00 a.m.

Please let me know whether you are willing to stipulate to the May 21 hearing & May 5 opposition dates, or in the alternative whether you are willing to stipulate to the April 6 opposition date.

Stephen K. Haynes, Attorney at Law
P.O. Box 84526
San Diego, CA 92138-4526
(619) 523-4204

| | | | | |
|---|---|---|---|---|
| E-Mail | 3/19/2015 - Attorney Ahren Tiller - Sent detailed e-mail to Opposing Counsel in response to his e-mail. (E-mail contains FRE 408 inadmissable material). | 425.00 | 0.6 | 255.00 |
| E-Mail | 3/19/2015 - Attorney Ahren Tiller - Reviewed E-mail response from opposing counsel | 425.00 | 0.1 | 42.50 |
| Workup (Attorney) | 3/24/2015 - Attorney Ahren Tiller - Thoroughly reviewed Opposition to Sanction Motion filed by Respondent and Declaration in Support (Docket # 31). Then cross-referenced | 425.00 | 0.7 | 297.50 |

| | | | | |
|---|---|---|---|---|
| | claims made in Opposition with Debtor's Declaration and Motion for Sanctions. | | | |
| Research | 3/24/2015 - Attorney Ahren Tiller - read cases cited in Respondent's Opposition. Read: Lowery v. Channel Comm'n, Inc. (In re Cellular 101, Inc.) (9th Cir. 2008) 539 F.3d 1150, 1152 | 425.00 | 0.4 | 170.00 |
| Law & Motion | 3/24/2015 - Attorney Ahren Tiller - Began drafting the Reply to the Respondent's Opposition to the Motion for Sanctions. Drafted introduction, and began to distinguish between the cases cited as defenses in Opposition and the current situation. | 425.00 | 1.7 | 722.50 |
| Meetings | 3/24/2015 - Attorney Ahren Tiller - Meeting with Attorney Brett Bodie and Derek Soinski to discuss the Declaration filed in Support of the motion. Strategized as to whether we could even address the 3/3/2015 conversation referenced in the Declaration as it was a settlement communication. Decided that all three of us would file short declarations regarding the conversation, since all three (3) attorneys heard the call since it was on speaker phone. | 425.00 | 0.3 | 127.50 |
| Meetings | 3/24/2015 - Attorney Brett Bodie - Meeting with Attorney Ahren Tiller and Derek Soinski to discuss the Declaration filed in Support of the motion. Strategized as to whether we could even address the 3/3/2015 conversation referenced in the Declaration as it was a settlement communication. Decided that all three of us would file short declarations regarding the conversation, since all three (3) attorneys heard the call since it was on speaker phone. | 325.00 | 0.3 | 97.50 |
| Meetings | 3/24/2015 - Attorney Derek Soinski - Meeting with Attorney Brett Bodie and Ahren Tiller to discuss the Declaration filed in Support of the motion. Strategized as to whether we could even address the 3/3/2015 conversation referenced in the Declaration as it was a settlement communication. Decided that all three of us would file short declarations regarding the conversation, since all three (3) attorneys heard the call since it was on speaker phone. | 225.00 | 0.3 | 67.50 |
| Workup (Attorney) | 3/24/2015 - Attorney Ahren Tiller - Checked State Court Docket. Respondent has still not filed Motion/Stipulation to Vacate Unlawful Judgment obtained against Ryan Branco in State Court case. Save ROA in Digital File as PDF to be attached as exhibit in Reply. | 425.00 | 0.2 | 85.00 |
| Workup (Attorney) | 3/25/2015 - Attorney Ahren Tiller - Pulled title data showing unlawful judgment lien still on the subject property and not removed. Saved Involuntary Lien Report in digital file as PDF. | 425.00 | 0.2 | 85.00 |
| Fees and Costs | 3/25/2015 - COSTS: Title Data. 1 involuntary lien search -- www.datatree.com First American Title. | 20.62 | 1 | 20.62 |
| Law & Motion | 3/25/2015 - Attorney Ahren Tiller - Worked on argument section of Reply. Addressed issues brought up in Opposition and distinguished from Cellular case cited in Respondent's Opposition. | 425.00 | 1.3 | 552.50 |
| Research | 3/26/2015 - Attorney Ahren Tiller - read cases cited in Respondent's Opposition. Read: Eskanos v. Adler. | 425.00 | 0.4 | 170.00 |
| Law & Motion | 3/26/2015 - Attorney Ahren Tiller - Drafted argument regarding "exacerbating injuries" and distinguished from Eskanso case cited in Respondent's Opposition. | 425.00 | 1.1 | 467.50 |
| Research | 3/26/2015 - Attorney Ahren Tiller - Researched cases regarding "actual notice" "agent service" and "stay violation expiring upon case closing." In Re Miller, Beezley, Linzler, Herman, and Sternberg v. Johnson. | 425.00 | 0.7 | 297.50 |

| | | | | |
|---|---|---|---|---|
| Law & Motion | 3/26/2015 - Attorney Ahren Tiller - Drafted argument regarding "stay violation still occurring after case closes" and argument regarding actual notice as not being a defense. | 425.00 | 1.8 | 765.00 |
| Phone Call | 3/26/2015 - Attorney Ahren Tiller - Telephone call with client regarding HOA representative and arguments made in Opposition. | 425.00 | 0.2 | 85.00 |
| E-Mail | 3/26/2015 - Attorney Ahren Tiller - Reviewed e-mails sent by client with Bills from Merit Property Management bills attached showing that Merit Property managment was listed as the agent for Hillsborough at Otay Ranch Community Association, and the bills listed "Hillsborough at Otay Ranch Community Association, c/o Merit Property Management" as address to sent payment for bills. | 425.00 | 0.2 | 85.00 |
| Law & Motion | 3/27/2015 - Attorney Ahren Tiller - Drafted argument regarding damages, and addressed false declaration made by Opposing counsel in Argument Section of Reply. | 425.00 | 1.2 | 510.00 |
| Law & Motion | 3/27/2015 - Attorney Ahren Tiller - Drafted Declaration regarding March 3, 2015 phone call cited to in Respondent's Opposition and referenced attorney's fee bill in exhibit. | 425.00 | 0.4 | 170.00 |
| Law & Motion | 3/27/2015 - Attorney Brett Bodie - Drafted Declaration regarding March 3, 2015 phone call cited to in Respondent's Opposition | 325.00 | 0.3 | 97.50 |
| Law & Motion | 3/27/2015 - Attorney Derek Soinski - Drafted Declaration regarding March 3, 2015 phone call cited to in Respondent's Opposition | 225.00 | 0.3 | 67.50 |
| Law & Motion | 3/27/2015 - Attorney Ahren Tiller - Drafted short declaration laying foundation and verifying Bills sent from Hillsborough for Debtor to sign. | 425.00 | 0.2 | 85.00 |
| Workup (Attorney) | 3/30/2015 - Attorney Ahren Tiller - Finalized Motion, drafted conclusion and introduction, and edited content and incorporated exhibits into the pleading. | 425.00 | 1.1 | 467.50 |
| Workup (Attorney) | 3/30/2015 - Attorney Ahren Tiller - put exhibits together and pdf'd and prepared for filing. | 425.00 | 0.3 | 127.50 |
| Workup (Attorney) | 3/30/2015 - Attorney Brett Bodie - Reviewed Reply, proof read for content and typographical errors. Made slight corrections and changes and finalized for filing. | 325.00 | 0.6 | 195.00 |
| Workup (Attorney) | 3/30/2015 - Attorney Ahren Tiller - Final review of Reply, incorporated all exhibits and made minor changes suggested by Brett Bodie. PDF'd all documents and exhibits. | 425.00 | 0.3 | 127.50 |
| Workup (Attorney) | 3/30/2015 - Attorney Ahren Tiller - Directed Paralegal to File Reply, Declarations in Support, and all exhibits, then print out and mail to all clients and draft and file a proof of service. | 425.00 | 0.1 | 42.50 |

| | |
|---|---|
| Subtotal: | 16,435.62 |
| Total: | 16,435.62 |
| Amount Paid: | -0.00 |
| **Balance Due USD:** | **$16,435.62** |